INDICTED for stealing four copper pipes, the property of Duncan Woolaston.
It appeared on the evidence that these pipes were part of a steam engine, which was attached to a manufacturing establishment, in Wilmington.
Mr. Wolfe, for the prisoner, contended that these pipes could not be the subject of larceny, being joined to the freehold and a part of it; and therefore the detaching and taking them away, if done at the same time, amounted only to a trespass.
The Attorney General in reply, admitted that there must be a severance of the engine or pipe from the building, before it could become the subject of larceny; but maintained that if after the severance, the article be laid down but for a moment, it became personal property; and that such was the proof in this case.
The Court charged the jury, that the question whether this was or was not a larceny, did not depend on the prisoner laying down the pipes and taking them up again, but whether the severing and carrying away was onecontinuous transaction. Larceny is the felonious stealing, taking and carrying away the personal goods of another. If these pipes were not, when carried off, the personal goods of Duncan Woolaston, they could not be stolen. As a part of the realty, they were not under the protection of the criminal law, so as to make the taking of them a felony. It was but a trespass. Whilst a part of the engine, which was itself a part of the building, they were a part of the building; and, if thus taken and carried away, by one act of severance and separation, it did not come within the definition of larceny, not being a stealing and carrying away of personal property. But if they were severed by the defendant, or by another, at one time, so that they became personal property, and after they assumed this new character, were taken and carried away by him with a felonious intent, it was a case of larceny, and the prisoner ought to be convicted.
 Verdict — guilty. *Page 493